Mitchell Schley, Esq.
Law Offices of Mitchell Schley, LLC
197 Route 18 South, Suite 3000
East Brunswick, NJ 08816
mschley@schleylaw.com
732-325-0318
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KATHERINE VELASQUEZ, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>    - against -<br><br>GREEN STONE GROUP, INC d/b/a GO GREEN ORGANIC CLEANERS, and ZAKHAR KOGAN a/k/a ZAK KOGAN, an Individual,<br><br>                    Defendants. | Civil Action No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Katherine Velasquez ("plaintiff" or "Velasquez") individually and on behalf of all others similarly situated, through her undersigned attorneys, the Law Offices of Mitchell Schley, LLC, for her Class and Collective Action Complaint against defendants Green Stone Group, Inc. d/b/a Go Green Organic Cleaners ("Green Stone"), and Zakhar Kogan a/k/a Zak Kogan (collectively, the "defendants"), alleges upon actual knowledge as to herself and, as to all other matters, alleges upon information and belief, as follows:

**NATURE OF ACTION**

1.      Go Green Organic Cleaners launders and dry cleans garments, linens, and other items for hundreds of hotels in the New York and New Jersey metropolitan area. It is owned by Zak Kogan, an entrepreneur, author, physicist, and programmer who, in 2020 authored the book,

*How to Provide Outstanding Service to Hotels: 7 Ways to WOW Your Client*, which has been favorably reviewed by general managers of some of the largest hotel chains.

2. In his book, Mr. Kogan states, a) "I always tell my people that they are the most important part of my business," b) "I want to be there for them so that they can be there for me, and so we can both benefit financially," c) "Investing in the members of your team builds a strong base for your company," d) "It is key to make sure your staff members feel appreciated as part of your team," and e) "Having financial rewards is key to keeping a quality team."

3. According to plaintiff Katherine Velasquez, Mr. Kogan's treatment of his team is at odds with these principles. She and the team, nearly all Spanish-speaking, are paid minimum or near minimum wage. She and the team regularly work six days, in excess of 60 and 70 hours per week. In violation of the Fair Labor Standards Act of 1938 and the New Jersey Wage and Hour Law of 1966, plaintiff and the team do not receive overtime pay at 1.5 times their regular hourly rate for all hours worked in excess of 40 in a workweek. Through this action, Ms. Velasquez seeks to recover the unpaid wages due to her and her co-workers.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff's state law claims are interposed in accordance with the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) as Green Stone has a registered office in Bergen County, New Jersey where a substantial portion of the events giving rise to this action occurred. In addition, defendant Zak Kogan is domiciled in New Jersey and is a resident of Fair Lawn, New Jersey.

6. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff**

7. Plaintiff Katherine Velasquez is a resident of Hudson County, New Jersey. She was employed as a delivery assistant by Green Stone from May 2022 to on or about June 21, 2023.

8. Unless otherwise indicated, all references herein to plaintiff include those employees similarly situated.

9. Green Stone suffered or permitted plaintiff during the above-referenced period to work in exchange for wages. During this period and, at all relevant times, plaintiff and those similarly situated had an employment relationship with and were employees of Green Stone within the meaning of the FLSA, 29 U.S.C.§203(e)(1), (g) and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a1(f), (g) and (h).

**Green Stone Group, Inc.**

10. Green Stone has been at all relevant times a New Jersey corporation and has been a laundry and dry cleaning company with a registered office at 26-01 Raphael Street, Fair Lawn, New Jersey 07410.

11. Green Stone was founded in 2007.

12. The registered agent for Green Stone is Kogan.

13. In 2017, Green Stone registered with the State of New Jersey an alternate name of Go Green Organic Cleaners.

14. In 2017, Green Stone registered with the State of New Jersey an alternate name of Ritz Go Green Organic Cleaners.

15. In 2009, Green Stone registered with the State of New Jersey an alternative name of Emerald Sparkling Cleaners.

16. Green Stone has an operating facility at 121 U.S. Highway 461, Parsippany, NJ 07054.

17. Green Stone has four additional drop-off locations in New Jersey in Roseland, Little Falls, Saddlebrook and Parsippany.

18. Green Stone has over 40 employees.

19. While plaintiff was employed by Green Stone and at all relevant times, Green Stone was engaged in interstate commerce. In this regard, Green Stone is located in New Jersey but conducted business with and picked-up and delivered goods to customers in New York.

20. While plaintiff was employed by Green Stone and at all relevant times, Green Stone had an annual gross volume of sales or annual gross volume of business done of at least $500,000, within the meaning of the FLSA. 29 U.S.C. §203(s)(1)(A)(ii).

21. While plaintiff was employed by Green Stone and at all relevant times, Green Stone was an enterprise whose annual volume of sales made or business done was at least $500,000, within the meaning of the FLSA. 29 U.S.C. §203(s)(1)(A)(ii).

22. While employed by Green Stone, plaintiff was engaged in commerce within the meaning of the FLSA. 29 U.S.C. §206(a), 207(a)(1).

23. While employed by Green Stone, plaintiff was engaged in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(i), 203(j).

24. While plaintiff was employed by Green Stone and at all relevant times, Green Stone was an enterprise engaged in commerce within the meaning of the FLSA. 29 U.S.C. §206(a), 207(a)(1), 203(r), 203(s).

25. While plaintiff was employed by Green Stone and at all relevant times, Green Stone was an enterprise engaged in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §206(a), 207(a)(1), 203(r), 203(s).

26. Green Stone has been at all relevant times an employer covered by the FLSA.

27. Green Stone has been at all relevant times an employer covered by the NJWHL. N.J.S.A. 34:11-56al(g).

**Zakhar Kogan**

28. Kogan resides at 26-01 Raphael Street, Fair Lawn, New Jersey 07410.

29. Kogan is the founder and sole owner of Green Stone.

30. Kogan is the sole member of the Board of Directors of Green Stone.

31. Kogan is the president of Green Stone.

32. At all relevant times, Kogan has been involved in the day-to-day operations of Green Stone.

33. At all relevant times, Kogan has had operational control and managerial authority with respect to all aspects of Green Stone, including its employees.

34. Kogan has been engaged in the day-to-day supervision of Green Stone, including its employees.

35. Kogan has been a final decision-maker with respect to the terms and conditions of employment of the employees of Green Stone, including plaintiff.

36. Kogan has decided on hiring, firing, and disciplinary action for the employees of Green Stone, including plaintiff.

37. Kogan has decided rates of pay, calculation of pay, and methods of payment for the employees of Green Stone, including plaintiff.

38. Kogan has promulgated and enforced employment and labor relations policies and work rules for the employees of Green Stone, including plaintiff.

39. Kogan has prepared employee handbooks and manuals for the employees of Green Stone, including plaintiff.

40. Kogan has decided work assignments and work schedules for the employees of Green Stone, including plaintiff.

41. Kogan has had control over and managerial authority with respect to work records, payroll records, time records, and payroll tax records for the employees of Green Stone, including plaintiff.

42. Kogan was the final decision-maker with respect to the decision to terminate the employment of plaintiff on or about June 21, 2023.

43. Kogan decided that defendants would not pay overtime pay to plaintiff and those similarly situated, as alleged herein.

44. At all relevant times, Kogan has acted directly or indirectly in the interest of Green Stone in relation to plaintiff and those similarly situated, and has been an employer and/or joint employer of the plaintiff and those similarly situated within the meaning of the FLSA and the NJWHL. 29 U.S.C. § 203(d); N.J.S.A. 34:11-56a1(g).

45. Kogan is personally, jointly and severally liable for the violations of the FLSA and the NJWHL by Green Stone.

## COLLECTIVE ALLEGATIONS

46. Plaintiff brings the First Claim as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of herself and those similarly situated employees, which shall include:

> **All non-exempt employees who worked for defendants including those in connection with the receiving, processing, collecting, handling, sorting,**

**laundering, dry cleaning, ironing, pressing, sewing, packaging, pick-up, and delivery of garments and other goods by defendants for retail and commercial customers at any of defendants' stores and facilities, at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").**

47. Defendants are liable under the FLSA for failing to properly compensate plaintiff and failing to pay plaintiff and those similarly situated overtime pay at one-and-a-half times their regular hourly rate for all hours worked in excess of 40 hours in a workweek. Plaintiff and those similarly situated have had the same terms and conditions of employment. There are likely over 40 similarly situated current and former employees of the defendants in the positions above who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the defendants, are readily identifiable and can be located through defendants' records that they are required to create and maintain pursuant to applicable federal and state law. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

48. Defendants knew at all relevant times that the FLSA required them to pay proper and full overtime wages in accordance with the law, but they culpably chose not to do so.

49. Defendants' violations of the FLSA described above have been knowing, intentional and willful, and therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

50. Defendants acted in bad faith and unreasonably by denying plaintiff overtime pay. Defendants are liable for liquidated damages pursuant to the FLSA, 29 U.S.C.§216(b) in an additional equal amount to the damages for the unpaid wages. 29 U.S.C.§260.

## NEW JERSEY WAGE AND HOUR LAW CLASS ALLEGATIONS PURSUANT TO N.J.S.A. 34-11-56a25

51.     The NJWHL, N.J.S.A. 34:11-56a25, provides that "an employee shall be entitled to maintain the action for and on behalf of himself or other employees similarly situated …."

52.     Plaintiff has chosen to maintain this action on behalf of herself and other employees similarly situated within the meaning of N.J.S.A. 34:11-56a25.

53.     The Second Claim alleging violations of the NJWHL by defendants is brought and is properly maintainable as a class action on behalf of plaintiff and those similarly situated pursuant to N.J.S.A. 34:11-56a(25). This class is referred to herein as the "NJWHL Similarly Situated Class."

54.     The NJWHL Similarly Situated Class shall consist of:

**All non-exempt employees who worked for defendants including those in connection with the receiving, processing, collecting, handling, sorting, laundering, dry cleaning, ironing, pressing, sewing, packaging, pick-up, and delivery of garments and other goods by defendants for retail and commercial customers at any of defendants' stores and facilities, at any time six years prior to the filing of this action through the entry of judgment in this action (the "NJWHL Similarly Situated Class").**

55.     The NJWHL Similarly Situated Class is believed to consist of over 40 similarly situated current and former employees who have been victims of defendants' common policy and practice that violated their rights under the NJWHL by willfully denying them the proper and full overtime pay at the rate of one-and-one-half times their regular hourly wage rate for all hours worked in excess of 40 in a workweek. The NJWHL Similarly Situated Class were subjected to the same terms and conditions of employment. The identity of NJWHL Similarly Situated Class members are known to the defendants and is contained in the employment records that the defendants are required to create and maintain pursuant to state and federal law.

56. Defendants knew at all relevant times that the NJWHL required them to pay proper and full overtime wages in accordance with the law, but they culpably chose not to do so.

57. Defendants' violations of the NJWHL described above have been knowing, intentional and willful and has caused significant damage to the NJWHL Similarly Situated Class.

58. Defendants are liable to plaintiff and the NJWHL Similarly Situated Class for liquidated damages in the amount of 200% of the amount of unpaid wages. N.J.S.A. 34:11-56a25.

## RULE 23 CLASS ACTION ALLEGATIONS

59. In addition to the NJWHL Similarly Situated Class, plaintiff brings the Second Claim as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class, consisting of:

> **All non-exempt employees who worked for defendants including those in connection with the receiving, processing, collecting, handling, sorting, laundering, dry cleaning, ironing, pressing, sewing, packaging, pick-up, and delivery of garments and other goods by defendants for retail and commercial customers at any of defendants' stores and facilities, at any time six years prior to the filing of this action through the entry of judgment in this action (the "New Jersey Rule 23 Class").**

60. The persons in the New Jersey Rule 23 Class are so numerous that the joinder of all members is impracticable. The exact number of the New Jersey Rule 23 Class members is unknown to plaintiff at this time but there are believed to be over 40 such persons. The identity of the New Jersey Rule 23 Class members is known to the defendants and is contained in the employment records that the defendants are required to create and maintain pursuant to state and federal law.

61.     Plaintiff's claims are typical of the claims of the other members of the New Jersey Rule 23 Class as plaintiff and all other members of the New Jersey Rule 23 Class sustained damages arising out of defendants' conduct in violation of the New Jersey state laws complained of herein and were subjected to the same terms and conditions of employment. The New Jersey Rule 23 Class members work or have worked, for the defendants in New Jersey in the laundering and dry cleaning business and were not paid overtime wages by the defendants, and were subjected to the same employment policies. They have sustained similar types of damages as a result of defendants' failure to comply with the NJWHL and supporting regulations of the New Jersey Department of Labor and Workplace Development contained in the New Jersey Administrative Code (N.J.A.C.).

62.     Plaintiff will fairly and adequately protect the interests of the members of the New Jersey Rule 23 Class and have retained counsel competent and experienced in complex class action litigation.

63.     Plaintiff has no interests that are contrary to or in conflict with those of the other members of the New Jersey Rule 23 Class.

64.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

65.     Common questions of law and fact exist as to all members of the New Jersey Rule 23 Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the New Jersey Rule 23 Class are:

    a.     Whether the NJWHL and the supporting regulations were violated by defendants' acts as alleged herein;

  b.  Whether defendants failed to pay overtime wages to plaintiff and other New Jersey Rule 23 Class members for time worked in excess of 40 hours in a workweek, as required by the NJWHL, N.J.S.A. 34:11-56a4; N.J.A.C. 12:56-6.1-6.7; and

  c.  Whether plaintiff and the New Jersey Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

  66. Defendants have acted or have refused to act on grounds generally applicable to the New Jersey Rule 23 Class, thereby making appropriate relief with respect to the New Jersey Rule 23 Class as a whole.

  67. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual New Jersey Rule 23 Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for plaintiff and New Jersey Rule 23 Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of defendants' compensation practices to vigorously prosecute a lawsuit against the defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

  68. The prosecution of separate actions by the individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of treatment of class members by defendants; (b) adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interest of the other members not parties to the adjudications; and (c) the party opposing the class has acted or refused to act on grounds

generally applicable to the class, thereby making appropriate relief with respect to the class as a whole.

## FACTUAL ALLEGATIONS

69. A large part of defendants' business is serving as a laundry and dry cleaning vendor for New York and New Jersey metropolitan area hotels. The hotels utilize defendants to launder and dry clean such things as linens, worker uniforms, and guest clothing.

70. Defendants have about five vans which pick-up and deliver garments and other goods to hotels. Each van has a driver and an assistant.

71. Plaintiff was a driver's assistant who went to hotels in a van with a driver to pick-up and deliver goods.

72. In a workday, plaintiff typically traveled to over 40 hotels in New York and New Jersey for pick-up and delivery.

73. The van utilized by plaintiff was registered to Green Stone and has two axles, four wheels and a gross weight (GW) of 8,600 pounds.

74. Goods picked-up by plaintiff at hotels were laundered, dry cleaned, ironed or pressed and packaged at defendants' facilities and returned to the hotels.

75. Defendants also obtained customer goods laundering or dry cleaning from drop-off locations in New Jersey which were picked up by customers or delivered to customers.

76. Plaintiff was employed by defendants from May 2022 to on or about June 21, 2021.

77. A workweek within the meaning of the FLSA and NJWHL is seven consecutive days. 29 C.F.R. 718.105; N.J.A.C. 12:56-5.4(a).

78. All of the jobs involved herein are non-exempt within the meaning of the FLSA and NJWHL, which means that defendants must pay these employees overtime pay at 1.5 times their regular hourly rate for all hours worked in excess of 40 hours in a workweek. 29 U.S.C. 207(a)(1); N.J.S.A. 34:11-56a 4(b)(1).

79. Plaintiff regularly worked in excess of 40 hours in a workweek.

80. At all relevant times, plaintiff and those similarly situated commonly worked in excess of 40, 50, 60 and 70 hours per workweek.

81. Plaintiff never received overtime pay at 1.5 times their regular hourly rate.

82. Defendants knew that plaintiff regularly worked in excess of 40 hours per workweek.

83. Plaintiff's regular hourly wage rate was at or near the New Jersey minimum wage.

84. Plaintiff was paid by check on Fridays.

85. The 7-day pay period for plaintiff began on a Saturday and ended on Friday.

86. For example, during the workweek ending on July 1, August 5, September 2, October 7, November 11, and December 2, 2022 and January 6, February 3, March 3, April 7, May 5, and June 2, 2023, plaintiff worked in excess of 40 hours and was not paid 1.5 times her regular hourly rate for each hour over 40.

87. At all relevant times, New Jersey law and the FLSA required defendants to post a notice advising its employees of their wage and hour rights at defendants' facilities in a conspicuous and accessible place. N.J.S.A. 34-11-56a21; N.J.S.A. 34:11-4.6(d); 29 C.F.R. 516.4.

88. At all relevant times, defendants failed to post at its facilities the notice required by New Jersey law and the FLSA.

89. At all relevant times, New Jersey law and the FLSA required that with respect to plaintiff, defendants keep true and accurate records of the hours worked each day and each workweek, the regular hourly wage paid, and the basis upon which wages are paid. N.J.S.A. 34-11-56a20; N.J.A.C. 12-56-4.1.

90. During the relevant times, defendants failed to accurately record and maintain the information required by New Jersey law and the FLSA.

91. The NJWHL requires employers to maintain employee work time records for six years. N.J.A.C. 12-56-4.4.

92. At all relevant times, the NJWHL required that defendants with respect to plaintiff's use a work time-keeping system that produces a complete, true, and accurate record. N.J.A.C. 12-56.4.2

93. During the relevant times, defendants failed to utilize a work time-keeping system required by the NJWHL for plaintiff.

94. New Jersey law requires that for non-exempt employees the pay statement or paystub that accompanies a paycheck include the total number of hours worked in a workweek and the rate of pay. N.J.S.A. 34:11-4.6.

95. The pay statement or paystub defendants issued to plaintiff did not include the information required by New Jersey law.

96. The paystub defendants issued to plaintiff only stated the gross wages paid for the one week pay period and the gross wages paid to plaintiff year-to-date.

**FIRST CLAIM FOR RELIEF**
**Fair Labor Standards Act**
**Unpaid Wages and Overtime Pay – FLSA Collective Action**

97. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98. At all relevant times, the plaintiff and the FLSA Collective were employed by defendants within the meaning of the FLSA.

99. Defendants were required to properly pay plaintiff and others similarly situated all wages due including applicable overtime wages for all hours worked in excess of 40 hours in a workweek.

100. Defendants failed to pay plaintiff and the FLSA Collective all wages due including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek to which they were entitled in accordance with the FLSA, 29 U.S.C. §207.

101. Defendants' failure to pay all wages mandated by law and defendants' violation of the overtime requirements of the FLSA was part of their regular business practice and constituted a pattern, practice, and/or policy.

102. Defendants' unlawful conduct, as described above, was knowing, intentional and willful. Defendants knew at all relevant times that the practices complained of herein were unlawful. Defendants knew that plaintiff and the FLSA Collective routinely worked in excess of forty hours per week.

103. Defendants' violations of the FLSA in this First Claim for Relief have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. §255(a).

104. As a result of defendants' violations of the FLSA, plaintiff and others similarly situated have suffered damages by being denied proper pay for all of their hours worked, by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, pre-judgment, and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**New Jersey Wage and Hour Law**
**Unpaid Wages and Overtime Pay – NJWHL Similarly Situated Class**
**and New Jersey Rule 23 Class**

105. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

106. At all relevant times, the plaintiff and the NJWHL Similarly Situated Class and the New Jersey Rule 23 Class were employed by defendants within the meaning of the NJWHL.

107. Defendants willfully violated plaintiff's rights and the rights of the members of the NJWHL Similarly Situated Class and the New Jersey Rule 23 Class, by unlawfully failing to pay them proper pay for all hours worked and overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

108. The NJWHL, N.J.S.A. 34:11-56a25.1, provides for a remedy for a claim for unpaid overtime pay for the period "six years prior to the commencement of an action for the recovery thereof." *See Maia v. IEW Construction Group,* 2023 N.J. Super. LEXIS 20 (App. Div. March 1, 2023) (Approved for Publication).

109. As a result of defendants' violations of the NJWHL, plaintiff and others similarly situated have suffered damages by being denied pay for all of their hours worked, by being

denied overtime wages in accordance with the NJWHL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages at 200% their unpaid wages pursuant to N.J.S.A. 34:11-56a25, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NJWHL.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, the FLSA Collective, the NJWHL Similarly Situated Class, and the New Jersey Rule 23 Class pray for the following relief:

A. An order certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. §216(b) for the employees described herein and designating plaintiff's counsel as counsel for the FLSA Collective;

B. Designation of the plaintiff as representative of the FLSA Collective;

C. Designation of the plaintiff as representative of the NJWHL Similarly Situated Class;

D. Designation of the plaintiff as representative of the New Jersey Rule 23 Class;

E. An order certifying the case as a class action pursuant to N.J.S.A. 34:11-56a25 and Rule 23 of the Federal Rules of Civil Procedure as it pertains to the Second Claim for the class of employees described herein, and designating plaintiff's counsel as Class counsel;

F. Judgment finding that Zakhar Kogan is personally, jointly and severally liable within the meaning of the FLSA for the FLSA violations;

G. Judgment finding Zakhar Kogan is personally, jointly and severally liable within the meaning of the NJWHL for the NJWHL violations;

H. Judgment for plaintiff and the FLSA Collective Action members for all statutory, compensatory, and liquidated damages at 100% of their unpaid wages, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as pre-judgment and post-judgment interest;

I. Judgment finding that the liability period for the FLSA Collective Action is three years for a willful violation pursuant to FLSA 29 U.S.C. § 255(a);

J. Judgment finding that the period for which the NJWHL Similarly Situated Class and New Jersey Rule 23 Class are due backpay begins six years before the filing of this action consistent with *Maia v. IEW Construction Group,* 2023 N.J. Super. LEXIS 20 (App. Div. March 1, 2023) (Approved Publication);

K. Judgment for plaintiff, the NJWHL Similarly Situated Class members, and the New Jersey Rule 23 Class members for all statutory, compensatory, and liquidated damages at 200% of their unpaid wages, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as pre-judgment and post-judgment interest;

L. An award to plaintiff the FLSA Collective, NJWHL Similarly Situated Class, and New Jersey Rule 23 Class for their reasonable attorneys' fees, costs, and expenses as authorized by law;

M. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NJWHL; and

N. Any and all other relief as authorized by the federal or state statutes, common law, or equity which the Court deems appropriate under the circumstances.

                        **LAW OFFICES OF MITCHELL SCHLEY, LLC**

                        By:  /s/Mitchell Schley
                        Mitchell Schley
                        mschley@schleylaw.com
                        197 Route 18 South
                        South Tower, Suite 3000
                        East Brunswick, NJ 08816
                        Telephone:  732-325-0318
                        *Attorneys for Plaintiff*

Dated:  July 13, 2023